```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
YARDENA MADAR,

                        Plaintiff,
                                                                REPORT AND
        -against-                                               RECOMMENDATION
                                                                18 CV 7296 (ARR) (CLP)
R.A. ROGERS, INC.,

                        Defendant.
-----------------------------------------------------------X
```

**POLLAK**, Chief United States Magistrate Judge:

On December 2, 2018, plaintiff Yardena Madar, on behalf of herself and those similarly situated, filed this action against R.A. Rogers, Inc. ("defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, <u>et seq.</u>  For the reasons set forth below, it is respectfully recommended that the court dismiss this action *sua sponte* for failure to comply with Rule 25(a)(1) of the Federal Rules of Civil Procedure.

PROCEDURAL BACKGROUND

Following the commencement of this action, a Settlement Conference was scheduled before this Court on September 20, 2019.  At that time, plaintiff's counsel informed the Court that plaintiff had been hospitalized.  (ECF No. 15).  Two months later, on November 11, 2019, plaintiff's counsel filed a suggestion of death, pursuant to Fed. R. Civ. P. 25.  (ECF No. 16).  Counsel's letter informed the Court that "plaintiff has untimely passed away." (<u>Id.</u>)  It was further explained that it was "Plaintiff's intent to substitute in the administrator of Plaintiff's Estate as the Plaintiff in this action, once the Estate is set up and Letters of Administration are issued." (<u>Id.</u>)

Based on this representation, the Court granted plaintiff's request for an extension of time until February 20, 2020 to file plaintiff's Rule 25 motion to substitute the administrator of the

1

plaintiff's estate in place of the deceased plaintiff. The Court granted two additional extensions on March 20, 2020 and June 12, 2020, the latter of which expired in August 2020. The Court then Ordered the parties to submit a Status Report.

On September 22, 2020, plaintiff's counsel submitted a Status Report to the Court, informing the Court that he had been working to set up an estate for plaintiff, but that the pandemic had "greatly slowed these efforts." (ECF No. 21). Plaintiff's counsel noted that, despite the COVID-19 pandemic, the Surrogate's Court was demanding original signatures on certain documents, greatly slowing the process of setting up an estate for plaintiff. (Id.) The Court is aware of these delays caused by the pandemic, having observed similar delays in other cases.

Following the submission of this Status Report, the Court held a Status Conference on February 22, 2021, at which plaintiff's own counsel argued that the Court should dismiss the case following the 90-day expiration of the notification of death under Fed. R. Civ. P. 25 because of his inability to establish an estate for his deceased client.

## DISCUSSION

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Here, it has been over a year and eight months since plaintiff's death and no motion for substitution has been filed, despite numerous extensions provided to plaintiff's counsel to file

2

one. A substitution was certainly not filed within the 90-day period prescribed by Fed. R. Civ. P. 25(a)(1). Although this fact "does not automatically mandate dismissal of the action as to the deceased party," Kernisant v. City of New York, 225 F.R.D. 422, 426-427 (E.D.N.Y. 2005), the court has discretion to decide whether to enlarge or not enlarge the substitution period. Id. at 428 (citing Staggers v. Otto Gerdau Co., 359 F.2d 292, 296 (2d Cir. 1966)). Given that the Court has already extended the time on several occasions and it is plaintiff's counsel[1] who has requested dismissal of this action as a result of his inability to establish an estate for the deceased plaintiff, the Court respectfully recommends that the court exercise its discretion and dismiss this action pursuant to Rule 25(a)(1). Defendant does not oppose the motion.

## CONCLUSION

As explained above, the Court respectfully recommends dismissal of this action.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

---

[1] The Court also respectfully recommends a finding that plaintiff's counsel has standing here, where no other administrator has yet been appointed. See Kernisant v. City of New York, 225 F.R.D. 422.

**SO ORDERED.**

Dated: Brooklyn, New York
August 6, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York